**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1: 21-cv-02678-DDD-SKC

MORDHORST CLEANING, LLC d/b/a BLUE RIBBON EXTERIORS
AND CONSTRUCTION,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant.

---

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Before the Court is Petitioner Mordhorst Cleaning, LLC's motion for default judgment against Respondent Allstate Insurance Company. (Doc. 14.) The Court **GRANTS** the motion for the reasons explained below.

This action arises out of an insurance policy contract dispute. (Doc. 1.) The original party to the contract assigned her insurance claim to Mordhorst Cleaning. (*Id.* at ¶ 40.) On October 1, 2021, Mordhorst Cleaning filed this action. (Doc. 1.) A summons was issued by the Clerk of Court on October 4, 2021 and returned executed on October 6, 2021. (Docs. 3, 6.) Defendant Allstate Insurance has not made an appearance in this case. On November 30, 2021, Mordhorst Cleaning filed a Motion for Entry of Default as to Allstate Insurance Company. (Doc. 11.) The Clerk of Court made an entry of default as to Allstate Insurance Company on December 1, 2021. (Doc. 12.) That same day, Mordhorst Cleaning moved the Court for entry of default judgment under Rule 55(b). (Doc. 14.)

Under Rule 55(b), after the clerk enters default, a court must enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Default judgment may be entered by the clerk of court if the claim is for "a sum certain," Fed. R. Civ. P. 55(b)(1), but in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The purpose of a default judgment is to protect a diligent party against an unresponsive adversary. *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

Before a court can enter default judgment, however, it must ensure it has jurisdiction over the matter. *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which grants jurisdiction to federal courts over suits between citizens of different states where the amount in controversy is in excess of $75,000. Here, there is diversity of citizenship between the parties: Mordhorst Cleaning is a citizen of Colorado, and Allstate Insurance is a citizen of Illinois. (Doc. 1, ¶¶ 2, 3, 4.) And the amount in controversy is more than $75,000.

The Court also has personal jurisdiction over Allstate Insurance. The moving party bears the burden of proof to show that the Court has jurisdiction over Allstate Insurance under Colorado's long-arm statute and that it has minimum contacts with the state. *Dennis*, 115 F.3d at 771. But in the context of a motion for default judgment, the petitioner's burden is a minimal one: the petitioner "need only make a *prima facie* showing on these two questions if the motion is decided only on the basis of the parties' affidavits and other written materials," as it is here. *Id.*; *see also Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d

170, 174 (10th Cir. 1992) (explaining that well-pled allegations in complaint are accepted as true for purposes of determining personal jurisdiction at pleading stage). Mordhorst Cleaning satisfies this standard. It alleges that Allstate Insurance is licensed to do business in Colorado, the insurance policy was purchased in Colorado, and the insurance policy was intended to provide coverage for a property in Colorado, which is sufficient for the Court to exercise specific personal jurisdiction over a defendant. (Doc. 1 at ¶¶ 3, 4); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) ("Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this 'fair warning' requirements is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities.").

The court has to make sure the admitted facts state a claim before entering default judgment. *See, e.g.*, *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citing 10A Wright & Miller, *Federal Practice and Procedure* § 2688.1 (4th ed.)); *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1242-43 (D. Colo. 2015); *Georgopulous v. PPM Capital, Inc.*, 19-CV-00347-DDD-STV, 2019 WL 6065617, at *3 to *8 (D. Colo. Oct. 21, 2019) (R. & R.), *adopted by* 2019 WL 6053333 (D. Colo. Nov. 15, 2019); *AMG Natl. Corp. v. Wright*, 20-CV-02857-PAB-KLM, 2021 WL 4170459, at *2, *6 to *12 (D. Colo. Sept. 14, 2021). Mordhorst Cleaning brings two claims: breach of contract and violation of C.R.S. § 10-3-1115 for unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant. (Doc. 1 at 8-9.) Mordhorst Cleaning alleges that Allstate Insurance failed to pay benefits owed under the insurance policy despite providing Allstate Insurance with the necessary documentation to recover covered benefits.

Mordhorst also alleges it is a first-party claimant under C.R.S. §10-3-1115, and there have been numerous exchanges regarding estimates and claims pay out with Allstate Insurance that have not resulted in a proper payout under the policy.[1] The facts alleged support Mordhorst Cleaning's claims.

Mordhorst Cleaning asks for entry of default judgment against Allstate Insurance for a certain sum, the amount of damages and costs of bringing this action: the damages for its first claim for relief ($54,157.99), damages for its second claim for relief ($108,315.98), and costs of bringing this action ($467.53). The total therefore is $162,941.50. Mordhorst has proven these amounts by attaching an affidavit of Plaintiff's Representative, Ryan Mordhorst. (Doc. 14-2.)

Accordingly, Mordhorst Cleaning's motion for entry of default judgment (Doc. 14) is **GRANTED**, and the clerk is directed to enter default judgment against Allstate as follows:

Mordhorst Cleaning is awarded the sum of $162,941.50; and

Mordhorst Cleaning may recover from Allstate Insurance post-judgment interest on the amounts above as provided by 28 U.S.C. § 1961.

Further, the case shall be closed.

---

[1] The original insurance policy contract was entered into between Brenda Martinez and Allstate Insurance. (Doc. 1 at 2.) Ms. Martinez assigned the insurance claim to Mordhorst Cleaning, (Doc. 1 at 8), which appears valid under Colorado law. *See Rooftop Restorations, Inc. v. Am. Family Ins. Co.*, 15-cv-2560-WJM-MJW, 2017 WL 514060 (D. Colo. Feb. 8, 2017).

DATED: December 23, 2021          BY THE COURT:

_____

Hon. Daniel D. Domenico