IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:21-cv-02678-DDD-SKC

MORDHORST CLEANING, LLC d/b/a Blue Ribbon Exteriors and Construction,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

**ORDER DISCHARGING IN PART ORDER TO SHOW CAUSE AND DISMISSING CASE WITHOUT PREJUDICE**

Before the Court is Plaintiff Mordhorst Cleaning's Response to the Show Cause Order. (Doc. 21.) Two issues must be addressed: (1) whether Rule 11 sanctions are appropriate here; and (2) whether the case should be dismissed for failure to provide timely service of process as required by Rule 4. The Court's Order to Show Cause (Doc. 20 at 2-3) is discharged as to Rule 11 sanctions, and the case is dismissed without prejudice pursuant to Rule 4(m).

Federal Rule of Civil Procedure 11(b) provides that an attorney presenting a written motion to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the motion is not being presented for any improper purpose, the legal contentions are warranted, and the factual contentions have evidentiary support. While apparently not done in bad faith, Mordhorst's counsel failed to conduct a reasonable inquiry under the circumstances before certifying to the Court that Allstate was

- 1 -

properly served with a summons and a copy of the complaint on October 5, 2021 and that default judgment was warranted. After receiving notice that service was defective, Mordhorst's counsel nevertheless continued to pursue a default judgment because counsel "did not recall" receiving the email that rejected service. (Doc. 21 at 2.) Pursuing an ex parte final judgment in a case without performing the basic due diligence of reviewing relevant documents and notices falls below the reasonable expectations the Court has of counsel appearing before it. Nevertheless, Rule 11 sanctions, though they might be warranted, are not necessary under the circumstances.

Federal Rule of Civil Procedure 4 requires a plaintiff to serve each defendant with a summons and a copy of the complaint within ninety days of filing the complaint. Mordhorst concedes it failed to properly do so in this case. (Doc. 21 at 6.) The Court must extend that deadline if the plaintiff shows good cause for its failure to timely serve process. Fed. R. Civ. P. 4(m). The Court finds that Mordhorst has not shown good cause here. Neglecting or forgetting an official communication from the State about a topic so fundamental to due process as proper service of a lawsuit may be an "honest mistake," but it is not excusable good cause for failure to timely effectuate service. *See Moore v. Teamsters Local 41*, No. 14-2122-JTM, 2015 WL 859074, at *2 (D. Kan. Feb. 27, 2015) ("Generally, 'inadvertence of counsel' will not justify relief under Rule 4(m)."); *see also Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012) ("Clients are held accountable for the acts and omissions of their attorneys, and attorney inadvertence generally does not constitute excusable neglect."). While the Court has declined to issue sanctions for counsel's mistake, it does not find that mistake to be good cause for an extension of the service deadline.

## CONCLUSION

The Order to Show Cause (Doc. 20 at 2-3) is DISCHARGED IN PART as to sanctions under Federal Rule of Civil Procedure 11; and

This action is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m).

DATED: January 21, 2022  BY THE COURT:

Hon. Daniel D. Domenico